WIMBUSH v YORK

DISCOVERY—FAILURE TO COMPLY—DISMISSAL AND NONSUIT.

> Dismissal of plaintiffs' negligence action for failure to comply with discovery procedures was reversible error where plaintiffs' motions to strike defendant's interrogatories and to set aside previously entered orders for production of documents had never been acted upon by the trial court.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 April 13, 1972, at Detroit. (Docket Nos. 11176, 11177.) Decided May 25, 1972.

Complaint by David Wimbush, Valerie Wimbush, and Otto Smith, as next friend of Harold Smith, against Vernon L. York for damages arising out of automobile collision. Judgment of dismissal for plaintiffs' alleged failure to comply with discovery orders. Plaintiffs appeal. Reversed and remanded.

*Small & Paull, P. C.* (by *Michael G. Weiss*), for plaintiffs.

*Sullivan, Sullivan, Ranger & Ward* (by *Richard A. Bone*), for defendant.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

McGREGOR, J. Plaintiffs appeal from the judg-

REFERENCE FOR POINTS IN HEADNOTE
23 Am Jur 2d, Depositions and Discovery § 256 *et seq.*

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ment of the trial court which dismissed their consolidated cases, originally *Wimbush v York and Smith v York.* Defendant obtained answers to interrogatories propounded against both parties. He was dissatisfied with the answers and attempted to obtain "supplemental interrogatories" and "production of documents" in *Wimbush v York.* In addition, in *Smith v York,* defendant attempted to obtain "production of documents". On December 1, 1969, the trial court consolidated the two actions into their present form and issued "orders" against both plaintiffs for "production of documents". On December 10, 1969, plaintiffs filed a motion at 9:22 a.m., seeking to "strike interrogatories" and to "set aside orders requiring production of documents". At 3:25 p.m. on that same day, defendant filed a motion to dismiss the suits because plaintiffs had failed to answer the interrogatories, and noticed the same for hearing for December 15, 1969. On January 5, 1970, defendant filed a "motion for presentment of orders" with copies of orders to be signed, which would deny plaintiffs' motion to strike interrogatories and plaintiffs' motion to set aside orders. The record does not show that this motion was ever acted upon. The most relevant fact, for purposes of this appeal, is that the trial court, having acted upon these motions, never entered the necessary order denying plaintiffs' motion to strike the interrogatories or plaintiffs' motion to set aside the orders.

When plaintiffs appeared for trial on January 19, 1971, defendant's supplemental interrogatories remained unanswered, the documents had never been produced, and plaintiffs' motions to strike the supplemental interrogatories and set aside the orders for production of documents were still pending. The record indicates that no orders disposing of these motions were ever filed.

At the time of trial, defendant's counsel persuaded the court that the trial court had, over a year previously, entered an order denying plaintiffs' motion to strike the supplemental interrogatories and set aside the orders, and that the interrogatories were still unanswered and the documents still not produced. The magnitude of the factual error under which the trial court acted is demonstrated by an examination of the trial court's opinion:

"Further, a motion was made by both plaintiffs to strike supplemental interrogatories which were submitted by the defendant and to be answered by the plaintiffs. This motion was denied by the court and an order entered compelling the plaintiffs to answer the supplemental interrogatories forthwith. The discovery orders entered by the court were never complied with by either of the plaintiffs."

This was erroneous. Plaintiffs had never complied with the discovery procedures, but compliance was not required because the trial court had never entered the orders denying plaintiffs' motions to strike the supplemental interrogatories and to set aside orders for production of documents. Apparently acting under this misconception of fact, the trial court issued an opinion dismissing plaintiffs' actions. The trial court committed error in dismissing plaintiffs' claim for failure to comply with discovery procedures where the question of compliance was still an open one.

While Michigan GCR 1963, 313.2(2)(c) undoubtedly gives the trial court the authority to dismiss a claim where a party litigant refuses to comply with discovery orders, in the instant case the plaintiffs were not obligated to comply with discovery procedures because plaintiffs' motion to strike supplemental interrogatories and plaintiffs' motion

to set aside orders for production of the documents were still pending before the court. The crucial fact is that there was never filed an order denying plaintiffs' motions, thereby obligating plaintiffs to comply with the discovery proceedings.

In view of the fact that the trial court's decision stemmed from a gross misconception of the facts, the trial court's decision must be reversed. If the facts had been as defendant's counsel purported them to be on January 19, 1971, the trial court would have been correct in dismissing plaintiffs' claims under GCR 1963, 313.2(2)(c).

Plaintiffs' other two alleged errors may not be present in a remand and are not determined at this time.

The order of dismissal is reversed and the matter is remanded. Costs to plaintiffs.

All concurred.